IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TANES O. TORRES,**

    Plaintiff,

v.                                                              Civil Action No. **3:24CV639**

**D. WEGKAMP,**

    Defendant.

## MEMORANDUM OPINION

The plaintiff, a Virginia inmate proceeding *pro se*, filed this action. By Memorandum Order entered on November 22, 2024, the Court directed the plaintiff, within thirty (30) days of the date of entry thereof, to submit an initial partial filing fee of $41.17 or state under penalty of perjury that he was unable to do so. (ECF No. 8.) More than thirty (30) days elapsed, and the plaintiff did not respond to the November 22, 2024 Memorandum Order. By Memorandum Opinion and Order entered on January 14, 2025, therefore, the Court dismissed the action without prejudice. (ECF Nos. 9, 10.)

On February 3, 2025, the Court received two Motions for Reconsideration from the plaintiff. The plaintiff's Motions for Reconsideration will be construed as motions filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motions"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)

(citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

The plaintiff does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. The plaintiff also fails to demonstrate any clear errors of law in the Court's conclusions or that the dismissal of this action resulted in manifest injustice. Accordingly, the Rule 59(e) Motions, (ECF Nos. 12, 13), will be DENIED.

Nevertheless, because it appears that the plaintiff remains intent on litigating his complaint, the Court will DIRECT the Clerk to file his Complaint as a new civil action. The Clerk will be DIRECTED to docket a copy of this Memorandum Order in the new civil action. Once a new civil action has been opened, the Court will continue to process the action. The present civil action, however, remains closed. The Clerk shall terminate the plaintiff's requests to proceed *in forma pauperis*. (ECF Nos. 14, 15.)

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 3/18/25
Richmond, Virginia